# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SignUpGenius, Inc., </br> </br> Plaintiff, </br> </br> v. </br> </br> VolunteerSpot, Inc. d/b/a SignUp.com and SignUpSpot, and Karen Bantuveris, </br> </br> Defendants. | NO. _____ </br> </br> **COMPLAINT** </br> </br> JURY TRIAL REQUESTED |

Plaintiff SignUpGenius, Inc. ("SignUpGenius"), complaining of the above-named Defendants, would respectfully show the Court as follows:

## INTRODUCTION

This is a lawsuit against Defendant, VolunteerSpot, Inc. ("VolunteerSpot") and its founder and CEO, Karen Bantuveris (collectively, "Defendants"). Defendants have recently developed two new websites that contain spurious copies of the trademarks and trade dress rights owned by SignUpGenius. As set forth below, the unlawful acts of Defendants constitute federal unfair competition and false designation of origin, violations of the North Carolina Unfair and Deceptive Trade Practices Act, common law unfair competition, unjust enrichment and, in addition to the damages prayed for herein, justifies an equitable accounting and permanent injunction under North Carolina common law.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff SignUpGenius is a North Carolina corporation with its principal place of business in Charlotte, North Carolina.

2. Upon information and belief, Defendant VolunteerSpot is a Texas Corporation with its principal place of business in Austin, Texas.

3. Defendant Karen Bantuveris is the CEO and founder of Defendant VolunteerSpot, Inc. and claims to be the CEO of SignUp.com. Upon information and belief, Defendant Bantuveris is a resident of Austin, Texas

4. Upon information and belief, Defendants have purposefully directed their unlawful activities complained of below in North Carolina by targeting and intentionally infringing upon the trademark and trade dress rights of SignUpGenius, advertising and soliciting users and business from the State of North Carolina, and by doing so, have caused actual confusion and a likelihood of confusion in North Carolina, including but not limited to, Charlotte, North Carolina. Therefore, this Court may properly invoke personal jurisdiction over the Defendants under the provisions of North Carolina's long-arm statute.

5. This Court is vested with jurisdiction over the parties and the subject matter of the action under, inter alia, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6. Venue is proper in this judicial district pursuant to under 28 U.S.C. § 1391(b) and (c) in that Defendants reside in this judicial district and that, upon information and belief, Defendants have used the marks and domain name complained of herein to market, promote, and/or sell or contribute to the rendering of services of in this judicial district.

## FACTS

7. Plaintiff SignUpGenius' internet-based service was launched in October 2008. The idea for this service was sparked out of a need to simplify and organize the various groups in which SignUpGenius' CEO Dan Rutledge and his family were involved.

8. SignUpGenius simplifies the process of coordinating events and people by providing free online registration forms, branded as a "Sign Up" (the "SIGNUP trademark"), for individuals and organizations. The SignUpGenius service is commonly used by groups that need to schedule events with multiple participants, such as parent/teacher conferences, sports team tournaments, and fundraisers.

9. The mark SIGNUPGENIUS (the "SIGNUPGENIUS trademark") has been used continuously and exclusively since its founding in October 2008 for such online registration services.

10. SignUpGenius has sought registration of the word mark SIGNUPGENIUS, Serial No. 86786348, for

> IC 35: Business Services, namely, providing a website for online event sign up, event registration and management, volunteer sign up and management, class sign up and registration; Providing a website in the nature of an online marketplace for sellers and buyers of goods and services; Providing on-line event registration services for attendance at conferences, conventions, meetings, alumni reunions, trade shows, workshops, classes, group event, nonprofit events, volunteer events, sporting events, fundraisers, social events and mixers; Providing an on-line sign up service for meetings, conferences, workshops, events, classes, by organizations, businesses, schools, religious organizations, charities, non-profits, sports leagues, clubs, teams and families; Business services, namely, providing an online resource in the nature of a website for businesses to set up sign ups, to set up sign ups with priced items, to set up event participation and registration; Operating on-line marketplaces for sellers of goods and services; Providing a website for users to send out appointment reminders.
>
> IC 36: Providing electronic processing services for users to receive and make payments; Providing a website for processing credit card transactions and electronic payments via a global computer network; On-line fundraising services, namely, providing an interactive website for individuals and organizations to conduct fundraising events to raise money for projects and for users to make financial and non-financial donations and pledges; Business Services in the nature of providing a website for making charitable donations, giving charitable gifts, and collecting payments and charitable donations; Charitable services, namely, providing a free and paid online resource in the nature of a website for fundraising, for receiving and making donations and for connecting people who have service needs and needs for donations with people who are willing to provide volunteer services and donations and for signing up for such services and donations; Business services namely, providing an online resource in the nature of a website for receiving and making payments.

3

Case 3:16-cv-00624   Document 1   Filed 08/17/16   Page 3 of 20

IC 42: Software as a service (SAAS) services, namely, hosting software for use by others for use in, event sign ups, donation sign ups, collecting payments for service sign ups, collecting payments for product sign ups, volunteer sign ups, event registration, event organization; Providing on-line non-downloadable software for organization, coordination, volunteering, signing up for events, paying for and registering for community based events, volunteer events, team events, member based events, social events, classes, business events and activities; Providing on-line non downloadable software for selling goods and services by users; Providing a website featuring technology that allows users to sign up for meetings, conferences, workshops, donations, events for use by organizations, businesses, schools, charities, religious organizations, non- profits, sports leagues, clubs, teams and families; Providing, maintaining and hosting a websites featuring technology that enables users to, access event information, organize events, set up signups and registrations, schedule sign ups, coordinate individual team and group activities, manage volunteers and registrants, upload email lists to sign up for events and activities, sign up for volunteer positions, sign up and pledge for donations, send out emails and text messages; Providing non-downloadable software for others to add a sign up button to the user's website; Providing a website featuring technology that allows users to install a sign up on the users' website via a hyperlink; Providing a website featuring technology for social media sharing by users, for calendar management and sign up tabbing; Providing a website for electronic data storage; Providing a web site featuring technology that enables users to offer goods and services for sale, to purchase goods and services offered by others and to make and receive payments.

This mark has passed publication and SignUpGenius may amend its Complaint to add this registration upon issuance.

11. SignUpGenius has sought registration of the composite mark SIGNUPGENIUS, Serial No. 86787813, for

IC 35: Business Services, namely, providing a website for online event sign up, event registration and management, volunteer sign up and management, class sign up and registration; Providing a website in the nature of an online marketplace for sellers and buyers of goods and services; Providing on-line event registration services for attendance at conferences, conventions, meetings, alumni reunions, trade shows, workshops, classes, group event, nonprofit events, volunteer events, sporting events, fundraisers, social events and mixers; Providing an on-line sign up service for meetings, conferences, workshops, events, classes, by organizations, businesses, schools, religious organizations, charities, non-profits, sports leagues, clubs, teams and families; Business services, namely, providing an online resource in the nature of a website for businesses to set up sign ups, to set up sign ups with priced items, to set up event participation and registration; Operating on-line marketplaces for sellers of goods and services; Providing a website for users to send out appointment reminders.

IC 36: Providing electronic processing services for users to receive and make payments; Providing a website for processing credit card transactions and electronic payments via a global computer network; On-line fundraising services, namely, providing an interactive website for individuals and organizations to conduct fundraising events to raise money for projects and for users to make financial and non-financial donations and pledges; Business Services in the nature of providing a website for making charitable donations, giving charitable gifts, and collecting payments and charitable donations; Charitable services, namely, providing a free and paid online resource in the nature of a website for fundraising, for receiving and making donations and for connecting people who have service needs and needs for donations with people who are willing to provide volunteer services and donations and for signing up for such services and donations; Business services namely, providing an online resource in the nature of a website for receiving and making payments.

IC 42: Software as a service (SAAS) services, namely, hosting software for use by others for use in, event sign ups, donation sign ups, collecting payments for service sign ups, collecting payments for product sign ups, volunteer sign ups, event registration, event organization; Providing on-line non-downloadable software for organization, coordination, volunteering, signing up for events, paying for and registering for community based events, volunteer events, team events, member based events, social events, classes, business events and activities; Providing on-line non downloadable software for selling goods and services by users; Providing a website featuring technology that allows users to sign up for meetings, conferences, workshops, donations, events for use by organizations, businesses, schools, charities, religious organizations, non- profits, sports leagues, clubs, teams and families; Providing, maintaining and hosting a websites featuring technology that enables users to, access event information, organize events, set up signups and registrations, schedule sign ups, coordinate individual team and group activities, manage volunteers and registrants, upload email lists to sign up for events and activities, sign up for volunteer positions, sign up and pledge for donations, send out emails and text messages; Providing non-downloadable software for others to add a sign up button to the user's website; Providing a website featuring technology that allows users to install a sign up on the users' website via a hyperlink; Providing a website featuring technology for social media sharing by users, for calendar management and sign up tabbing; Providing a website for electronic data storage; Providing a web site featuring technology that enables users to offer goods and services for sale, to purchase goods and services offered by others and to make and receive payments.

This mark has passed publication and SignUpGenius may amend its Complaint to add this registration upon issuance.

12. In addition, since its founding in October 2008, SignUpGenius has used a green check mark within a light bulb design (the "Check Mark"):



13. The SIGNUPGENIUS, SIGNUP and the "Check Mark" trademarks are referred to collectively as the "SUG Marks."

14. Since at least as early as 2008, and continuously since that time, SignUpGenius has used the SUG Marks to identify itself and the services it offers to the public throughout the United States.

15. Since that time, SignUpGenius has extensively advertised and promoted itself and its services under the SUG Marks in search engine results, and online media, and through participating in high profile and high visibility events. In addition, SignUpGenius has won numerous awards and accolades since its founding.

16. SignUpGenius has spent and continues to spend substantial time, money, and effort promoting the SUG Marks, including through social media websites such as Twitter, Facebook, Pinterest and Instagram, at industry trade shows, and through other avenues.

17. Since its founding, SignUpGenius has seen tremendous growth. In 2015, there were more than 1.8 million events organized through its services and SignUpGenius had between 7-10 million users per month contributing to, on average, 84 million pageviews per month.

18. As a result of SignUpGenius' superior platform, services and its extensive advertising and promotional efforts, the SUG Marks have come to embody substantial goodwill and the SUG Marks are a strong source identifier for SignUpGenius and the services it offers.

19. In August 2014, SignUpGenius re-designed the trade dress of homepage to have a different look and feel to users. The SignUpGenius homepage's current trade dress consists of a

6
Case 3:16-cv-00624   Document 1   Filed 08/17/16   Page 6 of 20

menu banner containing the SignUpGenius composite mark, placed above a large picture. Below that picture is a four-step summary of the SignUpGenius service process. Below that are testimonials, a video describing the product and then a grid of the areas or fields of use, such as churches, schools and businesses. Collectively, these elements are referred to as the "SignUpGenius Trade Dress". The following is a screenshot of SignupGenius' homepage:



Middle Section:



20. As a result of SignUpGenius' superior platform, services and its extensive advertising and promotional efforts, length of time of exclusive use, and unsolicited media

7

attention and accolades, the SignUpGenius Trade Dress has acquired secondary meaning and recognition among the relevant consuming public.

21. VolunteerSpot is also in the business of offering free online event and volunteer coordination forms and is a direct competitor of SignUpGenius.

22. Upon information and belief, VolunteerSpot offers these services to consumers throughout the United States, including users in North Carolina, through websites located at www.signup.com and www.signupspot.com.

23. Long after SignUpGenius' first use of the SUG Marks and after the SUG Marks acquired distinctiveness, Defendants recently began use of the designations "Signup" and "Signup Spot".

24. The homepage located at www.signupspot.com mimics and is confusingly similar to the SUG Marks by using the designation SIGNUPSPOT without a space between "Sign Up" and the design of a green check.

25. The look and feel of the SignUp Spot homepage contains many of the same elements in a virtually identical layout and order and is confusingly similar to the SignUpGenius Trade Dress:



26. The homepage located at www.signup.com mimics and is confusingly similar to the SUG Marks by using the designation SIGNUP.COM without a space between "Sign Up" and the design of a green and blue check.

27. The look and feel of the SignUp.com homepage contains many of the same elements in a virtually identical layout and order and is confusingly similar to the SignUpGenius Trade Dress:



Middle Section:



28. Upon information and belief, on or about July 7, 2016, Defendants acquired the domain name <signup.com> or right to use this domain name.

9

Case 3:16-cv-00624   Document 1   Filed 08/17/16   Page 9 of 20

29. Upon information and belief, on or about July 7, 2016, Defendants began use of the domain name <signup.com> with knowledge of SignUpGenius' pre-existing and superior trademark rights in the SUG Marks.

30. Defendants' unauthorized uses of the designations "Signup" and "Signup Spot" are likely to cause confusion, mistake, and deception among consumers and the public at large as to the existence of an association, connection, or relationship between SignUpGenius and Defendants.

31. Defendants uses of the designations "Signup" and "Signup Spot", including use of the domain name <signup.com>, are so substantially similar to SignUpGenius' distinctive SUG Marks as to create not only a likelihood of confusion, but have caused actual confusion in the marketplace between SignUpGenius and Defendants.

32. Compounding this actual confusion and likelihood of confusion, Defendants' homepages located at www.signupspot.com and www.signup.com are substantially similar to the distinctive SignUpGenius Trade Dress and have created a likelihood of confusion.

33. Defendants have also been intentionally mimicking the marketing efforts of SignUpGenius by, among other things, using a similar orange color in its advertising, employing confusingly similar advertising themes. For instance, placing the SignUp.com designation on a orange background:



34. For the past three fall seasons, SignUpGenius has used an advertising theme containing a boy with glasses dressed in a sweater in front of a blackboard to advertise its 'back to school' promo. For instance,



Recently in 2015, SignUp.com used the same concept in their marketing:



35. Upon information and belief, Defendant VolunteerSpots' infringing acts were committed at the direction and control of Defendant Bantuveris.

36. As a result of these activities, Defendants have committed and are continuing to commit trademark infringement, unfair competition and unfair trade practices, and these acts are willful, deliberate and are being committed with prior notice and knowledge of SignUpGenius' rights.

### FIRST CAUSE OF ACTION
### (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

37. SignUpGenius repeats and reiterates the foregoing paragraphs as if set forth verbatim herein.

38. Continuously and prior to Defendants, SignUpGenius has used the SUG Marks in commerce to identify its business and distinguish it from those developed by others by, *inter alia*, permanently displaying the marks in advertising, online marketing and on and in connection with its services.

39. As a result of the use and advertising of the SUG Marks by SignUpGenius, said trademarks have developed extensive goodwill and now have secondary and distinctive trademark meaning across the United States, including in North Carolina. This secondary and distinctive meaning existed prior to Defendants' use of the designations "Signup" and "Signup Spot".

40. The acts of Defendants alleged herein constitute use in interstate commerce of a false designation of origin, in connection with the sale, or offering for sale, of services in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. Such uses of the infringing designations "Signup" and "Signup Spot", including use of the domain name <signup.com>, by Defendants are likely to cause confusion such that

Defendants are able to create opportunities to divert or lure potential SignUpGenius users and customers away from SignUpGenius in violation of Section 43(a) of the Lanham Act.

42. The acts of Defendants alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with the SignUpGenius, and, in fact, have caused actual confusion and mistaken association in the marketplace.

43. Upon information and belief, Defendants have willfully infringed the SUG Marks with knowledge of SignUpGenius' senior trademark rights and/or with the intent to deceive the public into believing that Defendants' services were established by, approved by, sponsored by and/or affiliated with SignUpGenius.

44. Upon information and belief, Defendants' acts as alleged herein have been committed with the intent to pass off and palm off Defendants' services as the services of SignUpGenius, and with the intent to deceive and defraud the public.

45. As a result of Defendants' wrongful acts alleged herein, SignUpGenius has and will continue to suffer damages and injury to its business, reputation and goodwill, for which SignUpGenius has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**(Infringement of Common Law Trade Dress Rights**
**(15 .S.C. § 1125(a))**

46. SignUpGenius repeats and reiterates the foregoing paragraphs as if set forth verbatim herein.

47. Defendants' acts constitute unfair competition and an infringement of SignUpGenius' common law trademark rights in the trade dress of its homepage in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

13
Case 3:16-cv-00624   Document 1   Filed 08/17/16   Page 13 of 20

48. Continuously and long prior to Defendants creation of its websites, SignUpGenius has used in commerce and has had millions of pageviews of the format and layout of its homepage.

49. As a result of the use and advertising of the SignUpGenius homepage, the SignUpGenius Trade Dress has developed extensive goodwill and now has a secondary and distinctive trademark meaning.

50. Defendants have intentionally copied the SignUpGenius Trade Dress which establishes a *prima facie* case of secondary meaning.

51. The SignUp.com and SignUpSpot.com homepages contain many of the same elements in a virtually identical layout and order to that used by SignUpGenius and are confusingly similar to the SignUpGenius Trade Dress.

52. Upon information and belief, Defendants have infringed the SignUpGenius Trade Dress with knowledge of SignUpGenius' senior trade dress rights and/or with the intent to deceive the public into believing that Defendants' services were established by, approved by, sponsored by or affiliated with SignUpGenius.

53. Defendants' acts as alleged herein have been committed with the intent to copy, pass off and palm off Defendants' websites and services as that of SignUpGenius, and with the intent to deceive and defraud the public.

54. By reason of Defendants' acts alleged herein, SignUpGenius has and will suffer damage and injury to its business, reputation and goodwill, for which SignUpGenius has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Common Law Unfair Competition)

55. SignUpGenius repeats and reiterates the foregoing paragraphs as if set forth verbatim herein.

56. The acts and conduct of Defendants alleged herein, including the unlawful use of the designations "Signup" and "Signup Spot", using the <signup.com> domain name, and mimicking the trade dress of the SignUpGenius homepage, and its advertising themes and colors, create a likelihood of confusion between Defendants and SignUpGenius, constitute intentional and willful unfair competition pursuant to North Carolina common law.

57. Defendants' actions were in or affecting, commerce.

58. Defendants' actions proximately caused actual injury to SignUpGenius.

59. Defendants have engaged and continue to engage in this willful and wanton activity, demonstrating a conscious and intentional disregard of and indifference to the rights of SignUpGenius which Defendants knew or should have known was reasonably likely to result in injury, damages, and harm to SignUpGenius so as to justify the assessment of punitive damages against them, in an amount to be determined at trial.

60. Defendants' acts of infringement, unless enjoined by this Court, will continue to cause SignUpGenius to sustain irreparable damage, loss and injury, for which SignUpGenius has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
**(Violations of the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1).**

61. SignUpGenius repeats and reiterates the foregoing paragraphs as if set forth verbatim herein.

62. The aforesaid actions of Defendants, including the unlawful use of the designations "Signup" and "Signup Spot", using the <signup.com> domain name, and mimicking the trade dress of the SignUpGenius homepage, and its advertising themes and colors, create a likelihood of

confusion between Defendants and SignUpGenius, constituting an unfair and deceptive trade practice under N.C. Gen. State. § 75-1.1.

63. Defendants' actions were in or affecting, commerce.

64. Defendants' actions proximately caused actual injury to SignUpGenius.

65. Unless enjoined, Defendants' conduct will continue to cause SignUpGenius irreparable harm for which there exists no adequate remedy at law.

66. SignUpGenius is entitled to recover from Defendants all damages it has sustained and continues to sustain due to Defendants' improper conduct in an amount to be determined at trial and trebled pursuant to N.C. Gen. Stat. § 75-16.

67. Defendants' actions have been willful and deliberate, justifying an award of attorneys' fees to Plaintiff pursuant to N.C. Gen. Stat. § 75-16.1.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

68. SignUpGenius repeats and reiterates the foregoing paragraphs as if set forth verbatim herein.

69. By wrongfully using the designations "Signup" and "Signup Spot", registering or using the <signup.com> domain name, and copying the trade dress of the SignUpGenius homepage, Defendants received the benefit of SignUpGenius' marketing efforts, goodwill, and reputation associated with SUG Marks and business identity.

70. Defendants' retention of these benefits would be inequitable without requiring Defendants to pay the value thereof.

71. By wrongfully receiving the benefit of SignUpGenius' marks and business identity, Defendants have been unjustly enriched to the detriment of SignUpGenius, which has no adequate remedy at law.

72. Defendants have engaged and continue to engage in this willful and wanton activity, demonstrating a conscious and intentional disregard of and indifference to the rights of SignUpGenius which Defendants knew or should have known was reasonably likely to result in injury, damages, and harm to SignUpGenius so as to justify the assessment of punitive damages against them, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Equitable Accounting)

73. SignUpGenius repeats and reiterates the foregoing paragraphs as if set forth verbatim herein.

74. Defendants' use of the infringing "Signup" and "Signup Spot" designations, as well as copying the trade dress of SignUpGenius' homepage and its advertising themes and colors, were committed with the intent to deceive and defraud the public into believing that Defendants' and/or its services are established by, approved by, sponsored by or affiliated with SignUpGenius.

75. Defendants have unfairly profited from the unlawful retention and use of the "Signup" and "Signup Spot" designations, as well as copying the trade dress of SignUpGenius' homepage, all of which are confusingly similar to the SUG Marks.

76. Consequently, SignUpGenius is entitled to a full accounting as to all funds and revenue received by Defendants during the time period of Defendants' wrongful acts.

77. Defendants have engaged and continue to engage in this willful and wanton activity, demonstrating a conscious and intentional disregard of and indifference to the rights of SignUpGenius which Defendants knew or should have known was reasonably likely to result in

injury, damages, and harm to SignUpGenius so as to justify the assessment of punitive damages against them, in an amount to be determined at trial.

WHEREFORE, SignUpGenius prays for the following relief:

a. that this Court grant a permanent injunction pursuant to the powers granted it under 15 U.S.C. § 1116 and under common law equitable enjoining and restraining Defendants from using the infringing designations "Signup" and "Signup Spot" or a colorable imitations thereof;

b. that this Court grant a permanent injunction pursuant to the powers granted it under 15 U.S.C. § 1116 and under common law equitable enjoining and restraining Defendants from using elements on their website and in their marketing materials that are confusingly similar to the SignUpGenius Trade Dress;

c. that Defendants be required to account to SignUpGenius for any and all profits derived by Defendants from the sale of its services and related-goods and for all damages sustained by SignUpGenius by reason of said acts of infringement and unfair competition as complained of herein;

d. that this Court, pursuant to the powers granted it under 15 U.S.C. §1117(a), award SignUpGenius all profits realized by Defendants and all damages sustained by SignUpGenius by reason of Defendants' infringement, and further increasing the award three (3) times and awarding SignUpGenius' costs and attorney fees incurred in prosecution of this action, because there has been intentional and willful trademark infringement;

e. that this Court, pursuant to the powers granted it under 15 U.S.C. §1118 and at common law, order that all Defendants' labels, signs, prints, packages, wrappers, receptacles,

18

Case 3:16-cv-00624   Document 1   Filed 08/17/16   Page 18 of 20

advertisements and any other tangible items bearing the "Signup" and "Signup Spot" designations shall be delivered up and destroyed;

  f. that the Court award punitive and exemplary damages against Defendants and in favor of SignUpGenius by reason of Defendants' willful and wanton activity, and conscious and intentional disregard of and indifference to the rights of SignUpGenius;

  g. that the Court award treble damages against Defendants and in favor of SignUpGenius by reason of Defendants' unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-16;

  h. that costs of this action be awarded to SignUpGenius;

  i. that SignUpGenius be awarded its reasonable attorneys' fees;

  j. an award of pre- and post-judgment interest where appropriate; and

  k. that the Court grant such other and further relief as it deems just and reasonable.

Respectfully submitted this the 17th day of August, 2016,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Paul J. Osowski
Paul J. Ooswski
N.C. Bar No.: 23423
100 North Tryon Street, Suite 4200
Charlotte, North Carolina 28202
Ph: (704) 417-3000
Fax: (704)377-4814
Email: paul.osowski@nelsonmullins.com

John C. McElwaine *(Pro Hac Vice Forthcoming)*
SC Bar No. 9580
Liberty Center, Suite 600

19
Case 3:16-cv-00624   Document 1   Filed 08/17/16   Page 19 of 20

151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
Ph: (843) 534-4302
Fax: (843) 722-8700
Email: john.mcelwaine@nelsonmullins.com

Neil C. Jones  (*Pro Hac Vice Forthcoming*)
S.C. State Bar No. 062911
Federal Bar No. 547
104 South Main Street / Ninth Floor
Post Office Box 10084 (29603-0084)
Greenville, SC 29601
Ph: (864) 373-2260
Fax: (864) 373-2281
Email: neil.jones@nelsonmullins.com

*Attorneys for SignUpGenius, Inc.*